[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal by defendant-appellant, William T. Cleaver, of his conviction by the Clinton County Municipal Court for menacing. Judgment reversed and remanded.[1]
Appellant was charged with misdemeanor menacing for allegedly threatening his neighbor in July 2000. The case was continued by both appellant, proceeding pro se, and appellee, state of Ohio, on different occasions until February 20, 2001.
At the February 20 hearing, the parties discussed a motion to quash subpoenas, which was filed by appellee. Appellant had issued a praecipe for subpoenas for eight witnesses on Friday, February 16, 2001. The trial court denied the motion to quash, granted appellant's motion to continue the trial and re-set the trial date for June 26, 2001.[2]
The trial court's handwritten entry of February 20, 2001, states as follows:
 Case continued for trial at Request of defendant to June 26th 2001 @ 4p.m. Defendant ordered to appear[.] Subpoena praecipe of defendants court orders to be served[.] Motion of state denied.
 Appellant does not dispute that that he did not re-issue his praecipe for his list of witnesses for the new June 26 trial date. On the date of trial, none of appellant's witnesses appeared. Appellant requested a continuance, arguing that he understood the February 20, 2001 entry to direct the clerk's office to resubmit the praecipe for subpoenas with the new trial date. The trial court overruled appellant's motion to continue and appellant was found guilty at trial.
Appellant appeals, again proceeding pro se, and raises nine assignments of error. Appellant's first assignment of error will be construed to allege that it was error for the trial court to fail to continue the trial because the subpoenas were not issued.
First we must note that Crim.R. 17(F) states that, "[a]t the request of any party, subpoenas for attendance at a hearing or trial shall be issued by the clerk of the court in which the hearing or trial is held."
Clearly, it is not the responsibility of the clerk of courts or the trial court to submit a praecipe on behalf of appellant requesting subpoenas for a new trial date. However, the trial court's entry of February 20, 2001, which ordered that appellant's praecipe for subpoenas be served, was sufficiently confusing to necessitate that this case be reversed and remanded to the trial court. See State v. Hunter (July 22, 1983), Butler App. No. CA82-06-0068 (overruled appellant's argument because appellant ignored trial judge's express instruction to appellant to issue a timely praecipe for subpoena of witnesses or trial would proceed without his witnesses if he failed to do so).
The unique circumstances in the instant case concerning the confusion over the language of the February 20, 2001 entry mandate that appellant be given an opportunity to subpoena witnesses integral to his defense on the criminal charge. Appellant's first assignment of error is sustained and this case is reversed and remanded.
Based upon this determination, appellant's remaining eight of assignments of error dealing with actions of the judge and parties at trial and the conviction itself, are rendered moot. App.R. 12(A)(1)(c).
Appellant's conviction is reversed and this case is remanded to the trial court for proceedings consistent with this opinion.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, William W. Young, Judge.
[1] Pursuant to Loc.R.6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] According to the partial transcript provided to this court of appellant's trial, the trial court spent a portion of the February 20, 2001 hearing discussing with appellant the relevancy of some of appellant's proposed witnesses and whether his witness list could be pared down. A transcript of the February 20, 2001 hearing is not available for review because it was destroyed prior to this appeal being filed.